## Hackenberg Estate

*William W. Belford*, for petitioner.

TROUTMAN, J., January 24, 1955. — Petitioner, Lewisburg Trust and Safe Deposit Company, Lewisburg, Pa., trustee under the last will and testament of William H. Hackenberg, presented its petition for a declaratory judgment under the provisions of the Act of June 18, 1923, P. L. 840, as amended, 12 PS §831, to construe the will of testator to determine whether or not the trustee shall continue to administer the trust created under decedent's will in the form and manner of a single trust or as three separate, individual trusts. The beneficiaries under the trust created in the will have accepted service of a copy of this petition and have consented to the presentation and disposition of the same by this court, there being no issues of fact involved.

Testator, William H. Hackenberg, a resident of Milton Borough, Northumberland County, Pa., died on November 30, 1940, leaving a last will and testament dated October 3, 1940, which was duly probated before the Register of Wills of Northumberland County on December 6, 1940, wherein the Lewisburg Trust and Safe Deposit Company, petitioner, was named executor and trustee. The Lewisburg Trust and Safe Deposit Company has acted as executor under the will and is now serving as trustee of the trust created therein.

In the ninth paragraph of decedent's will, testator devised and bequeathed all the rest, residue and remainder of his estate to the Lewisburg Trust and Safe Deposit Company in trust and then set forth the terms and conditions of the trust in subsequent subsections. Paragraph 9(b) directs the trustee to pay to testator's wife, Lucille Hackenberg, one-half part of the net income from said trust during the term of her natural life and in subsection (c) ordered and directed that the remaining one half of the income of the trust shall be divided between his two daughters, Jeanne Louise Hackenberg and Nina Hackenberg Grier, in the following manner: One-half part thereof (one fourth of the whole income), with the consent of Jeanne Louise Hackenberg, to be paid to testator's wife, Lucille Hackenberg, for the use and benefit of his daughter, Jeanne Louise, in amounts not less than or more than $600 per year until the daughter shall attain the age of 21 years and, thereafter, pay the whole income unto the daughter, Jeanne Louise, until she attains the age of 30 years, it having been the intention of testator that his daughter, Jeanne Louise, shall receive not less than $600 until she reaches the age of 30 years whether the same be more or less than the one fourth of the total income.

Testator then provided that subject and subordinate to the trust for the benefit of his daughter, Jeanne Louise, the trustee should pay the remaining one half of the net income (one fourth of the entire income) to his daughter, Nina Hackenberg Grier, in an amount not exceeding $600, if there should be sufficient net income remaining for such payment, and if not, whatever there should be remaining less than the $600 until such time as his daughter, Jeanne Louise, shall attain the age of 21 years and, if there be any balance of net income remaining over and above the respective sums of $600, at any time during the continuance of the

trust, to pay the same for the use and benefit of his daughter, Jeanne Louise, and his daughter, Nina Hackenberg Grier, share and share alike. This was upon condition that at all times during the continuance of the trust his daughter, Jeanne Louise, would receive of the net income of the trust not less than $600 per year until she attained the age of 30 years. Testator further ordered and directed that the share of his daughter, Nina Hackenberg Grier, as beneficiary shall be limited to the term of her natural life.

Under paragraph 9 (d) (e) and (f) of his will, testator provides for the disposition of the income upon the death of the beneficiaries. He first provided that, upon the death of his wife, who was bequeathed one half of the net income of the trust estate, the principal or corpus of the trust, wherein the income was given to his wife, during the term of her natural life, shall become part of the corpus or principal of the trust created for the use and benefit of his daughter, Jeanne Louise, and his daughter, Nina Hackenberg Grier, and the income arising therefrom to be paid by the trustee to the daughters in the same proportions as the other income was directed to be paid to them.

Subsection (e) of paragraph 9 provides that upon the death of Nina Hackenberg Grier before the daughter, Jeanne Louise, attained the age of 30 years and contingent upon the daughter, Jeanne Louise, surviving her, her share of the income shall be paid to the daughter, Jeanne Louise, until she arrives at the age of 30 years. Subsection (f) provides that if Jeanne Louise should die before arriving at the age of 30 years, without leaving children or issue surviving, and should his daughter, Nina Hackenberg Grier, survive, then in such case the whole of the net income shall be payable to his daughter, Nina Hackenberg Grier, during the term of her natural life.

In paragraph 9(*g*), testator provided that subject to the life estate of the income given and bequeathed to his daughter, Nina Hackenberg Grier, and to his wife, Lucille Hackenberg, he ordered and directed that upon the arrival of his daughter, Jeanne Louise Hackenberg, at the age of 30 years, if and provided she shall then have been married and have a child or children born of her own body, to pay the whole of the corpus or principal of the trust herein created, to her, it being the intention of testator that, subject to the life estates, eventually his daughter, Jeanne Louise, shall have and receive the whole corpus and principal of the trust, if she shall have married and have had a child or children. Testator further provided that if Jeanne Louise be not married and have a child or children at the time she arrived at the age of 30 years, then she was to be paid the income until such time as she may become married and have a child or children, at which time she was to receive the corpus, and should she fail to marry and have a child or children, then she was to receive the income during the term of her natural life.

In paragraph 9(*h*) of his will, testator made the provision that should his daughter, Jeanne Louise Hackenberg, die without leaving a child or children born of her body surviving, then the principal sum or corpus of the trust subject to the life estate to become the sole property of his grandson, William B. Hackenberg, or if he should then be dead, to his heirs at law in accordance with provisions of the intestate laws of Pennsylvania.

Under paragraph 9(*h*) of the will, testator provided that it was his will, anything hereinbefore contained to the contrary hereof notwithstanding, and therefore authorized, empowered and directed his trustee in the event of his daughter, Nina Hackenberg Grier, becoming needy, or in straitened circum-

stances, needing assistance for her comfortable maintenance in accordance with her station or situation in life or requiring medical or hospital attendance, and be lacking in funds to pay or discharge the same and should the income given to her during the term of her natural life be insufficient for said purpose, the trustee was authorized, empowered and directed to pay to her, Nina Hackenberg Grier, from time to time so much of the corpus or principal sum of the trust, the income whereof is heretofore given to her during the term of her natural life, as shall be reasonably necessary for her support, first presenting a petition to the proper orphans' court setting forth the facts and obtaining the approval of the court therefore after proper notice.

On September 9, 1953, petitioner filed its petition with this court praying for an order authorizing the trustee to pay over to Nina Hackenberg Grier from the corpus of the trust certain funds in accordance with the will setting forth that she requires medical and hospital attendance and is lacking in funds to pay for the same. After hearing, the court, on November 23, 1953, made an order directing the trustee to pay out of the corpus or principal of the trust estate to Nina Hackenberg Grier, or her trustee, such sum or sums as when added to the income to which she was entitled under the trust, will not exceed the sum of $300 per month, said payments of corpus or principal to continue until such time as a change may occur in her mental or physical condition.

Since the inception of the trust, the trustee has administered the same as a single trust estate, paying over the income therefrom to the beneficiaries as designated. It now appears that Jeanne Louise Hackenberg Bella will become 30 years of age on April 16, 1955, and has married and borne a child and will, under paragraph 9 (d) qualify for distribution to her

of so much of the corpus of the trust as was bequeathed to her by the will of William H. Hackenberg, deceased, which actually involves one fourth of the corpus of the trust estate.

A question has arisen since the order of court directing that a portion of the corpus be paid for the medical care of Nina Hackenberg Grier as to whether the trustee is properly administering the trust by keeping the same as a single trust and whether under the will of William H. Hackenberg, deceased, the trust estate should not be divided into three separate trust accounts whereby one half the principal thereof should be set aside and the income therefrom paid to Mrs. Lucille Hackenberg and another separate trust, including one fourth of the principal of the trust estate, the income of which to be paid to Jeanne Louise Hackenberg Bella and upon her attaining the age of 30 years on April 16, 1955, married and having a child born to her, the entire corpus of this separate trust paid to her and another separate trust account, including one fourth of the principal estate, the income of which to be paid to Nina Hackenberg Grier or her trustee together with so much of the corpus of said separate trust account as will comply with the order of court made November 23, 1953, in respect to her medical and hospital expenses.

While the will is somewhat complex, it is clearly apparent that the intention of testator was to ultimately give his entire residuary estate to his daughter, Jeanne Louise Hackenberg. The scheme of his will was to give one half of the income of the trust to his wife during her lifetime and also provide, by means of the other one half of the trust income, for his two daughters. While each was to receive one fourth of the income of the trust estate, he did provide that his daughter, Jeanne Louise Hackenberg, should receive not less than, nor more than, $600 per year until she

attained the age of 21 years and then pay the whole of the income (one fourth of the entire income) to the daughter until she attained the age of 30 years. The income given to Nina Hackenberg Grier was subject and subordinate to the trust for the benefit of his daughter, Jeanne Louise Hackenberg, Nina Hackenberg Grier to receive an amount not exceeding $600, or if there be not sufficient income remaining to be paid, whatever sum might remain until Jeanne Louise shall have attained the age of 21 years, and if there be any balance of net income remaining over and above the respective sums of $600, then the excess to be paid to the two daughters share and share alike. Evidently, testator placed this provision in the will in order that his daughter, Jeanne Louise, could not receive more than $600 income until she arrived at the age of 21 years.

At the hearing on the petition of the trustee for authorization to make payments out of corpus for the benefit of Nina Hackenberg Grier, the record shows that the income received by Jeanne Louise Hackenberg and Nina Hackenberg Grier was approximately $2,400 each. Since the widow receives half the income of the trust, her average income has been $4,800 per year. Should the trust be continued as a single account, the payments of corpus to the trustee of Nina Hackenberg Grier would reduce the income of the other beneficiaries proportionately and would also diminish the corpus of the trust in respect to all of the beneficiaries.

Under the will, the widow is to receive the income from one half of the trust estate and testator provided, that upon her death, the portion of the corpus from which she received the income is to be included in the other trust estate. Testator's will further provides that upon his daughter, Jeanne Louise, attaining the age of 30 years and being married and having a child or children born to her, she was to receive the portion

of the corpus from which she derived one fourth of the income of the estate as provided in the will. Nina Hackenberg Grier was given a life estate and upon her death, provided the conditions of the will were met, the corpus thereof is payable to Jeanne Louise Hackenberg Bella. In the provision made for the use of so much of the corpus as might be necessary to give proper medical and hospital attention to Nina Hackenberg Grier, testator provides that the trustee should pay to her, from time to time, so much of the corpus or principal sum of the trust, the income whereof is heretofore given to her.

We are of the opinion that throughout the will of testator he actually divides the trust estate into three parts, one half for the benefit of his wife for life, one fourth for the benefit of his daughter, Jeanne Louise Hackenberg Bella, and one fourth for the benefit of his daughter, Nina Hackenberg Grier. If and when Jeanne Louise reaches the age of thirty (30) years, is married and has a child, one fourth of the corpus is then payable to her. If this contingency occurs, the trust estate given to Jeanne Louise will have terminated and she will be entitled to the entire corpus subject to a life estate of one half the income to the widow and one fourth to her sister, Nina Hackenberg Grier.

Clearly, testator did not intend to diminish the income received by his widow and daughter, Jeanne Louise, by permitting payment out of the entire corpus to Nina Hackenberg Grier, if she became in need. The language used by testator clearly indicates that he intended that payments out of corpus would be made from that portion of the trust estate, the income of which was given to her. Had testator intended that payments out of corpus to Nina Hackenberg Grier should be paid from the entire principal sum, he would not have used the language, "so much of the corpus or principal sum of said trust, the income whereof is

heretofore given to her." This language limits payments out of corpus to that sum from which Nina Hackenberg Grier was to receive the income. While the entire corpus may eventually be paid to Jeanne Louise, there are certain contingencies in the will which would necessitate a setting up of separate accounts proportioning amounts of corpus in accordance with the respective amounts of income given to the various beneficiaries.

We are of the opinion that under the will of testator, payments out of corpus to Nina Hackenberg Grier are confined to that portion of the corpus from which the income, during her lifetime, was bequeathed to her. Since payments are now being made from the entire corpus, the trustee must be directed to set up a separate trust estate for each beneficiary and pay the income from each in accordance with the provisions of the decedent's will.

### Order

And now, to wit, January 24, 1955, the petition of Lewisburg Trust and Safe Deposit Company, of Lewisburg, Pennsylvania, for a decree construing and interpreting the provisions of the will of William H. Hackenberg, deceased, to determine whether or not the trustee under the will should continue to administer the trust as it has heretofore in the form and manner of a single trust or as three separate trusts having come on for adjudication, it is determined that the will contemplated and provided for the setting up of three separate trusts and it is adjudged and decreed that the trustee, Lewisburg Trust and Safe Deposit Company, be and hereby is authorized, in accordance with the will of testator, to keep three separate trust accounts placing one half the corpus of the trust in an account, the income of which is to be paid to the widow, Lucille Hackenberg, and another separate trust account of one fourth the corpus, the income of which is

to be paid to Jeanne Louise Hackenberg Bella, and a third separate trust account of the remaining one fourth of the corpus, the income of which and so much of the corpus as has been authorized by this court, to be paid to Nina Hackenberg Grier or her trustee.